UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | JS-6 |
| Case No. | 2:14-cv-03050-CAS(JCGx) | Date | May 29, 2014 |
| Title | DEUTSCHE BANK NATIONAL TRUST COMPANY V. MORRIS MONTGOMERY ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants

Not Present                                              Not Present

**Proceedings:**     (In Chambers:) ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT

On January 21, 2014, plaintiff Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates 2004-R9, filed this unlawful detainer action against pro se defendants Morris Mongtomery, Jr. and Barabara Montgomery in Los Angeles County Superior Court. Defendants removed the case to this Court on April 21, 2014, asserting that this Court has jurisdiction on the basis of a federal question. Dkt. 1. On May 13, 2014, the Court issued an order to show cause, directing defendants to explain, on or before May 27, 2014, why this action should not be remanded to Los Angeles County Superior Court. Dkt. 5. To date, defendants have not responded to the order to show cause.

The Court concludes that it lacks subject matter jurisdiction over this action. As an initial matter, the Court finds that the notice of removal was untimely. Pursuant to 28 U.S.C. §1446(b), a notice of removal in a civil action must be filed within thirty days after the defendant receives a copy of the complaint or summons. Here, the action was initiated on January 21, 2014, yet defendant did not remove until April 21, 2014.

More fundamentally, the law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail. McAtee v. Capital One, F.S.B., 479

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                    JS-6

| Case No. | 2:14-cv-03050-CAS(JCGx) | Date | May 29, 2014 |
|---|---|---|---|
| Title | DEUTSCHE BANK NATIONAL TRUST COMPANY V. MORRIS MONTGOMERY ET AL. | | |

F.3d 1143, 1145 (9th Cir. 2007).  Here, the only claim asserted by plaintiff is for unlawful detainer against defendant.  See Dkt. 1.  Defendants cannot create federal subject matter jurisdiction by adding claims or asserting defenses, as defendants attempt to do here.  See Dkt. 1 ¶ 7; McAtee, 479 F.3d at 1145.

    Accordingly, the Court concludes that it lacks subject matter jurisdiction over this action.  This case is hereby REMANDED to Los Angeles County Superior Court.

    IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |